**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

LEON SMITH,

                              Plaintiff,

           - v -                                                    Civ. No. 9:09-CV-639
                                                                         (GTS/RFT)

MICHAEL HOGAN, *Commissioner OMH*, DONALD
SAWYER, *Executive Director, C.N.Y.P.C.*; DR. TERRI
MAXYMILLIAN, *Director (SOTP) C.N.Y.P.C.*; JEFF
NOWICKI, *Assistant Director (SOTP) C.N.Y.P.C.*;
CHARMAINE BILL, *RN, Treatment Team Leader*;
SHAKUNTHALA MUDIGONDA, *Social Worker, (SOTP)
C.N.Y.P.C.*; CLARK CHONA, *Social Worker*; ERIC BYERS,
*Social Worker, (SOTP) C.N.Y.P.C.*; KIRPAL SINGH, *Clinical
Psychiatrist Assistant, (SOTP), C.N.Y.P.C.*

                              Defendants.

**APPEARANCES:**                              **OF COUNSEL:**

LEON SMITH
Plaintiff, *Pro Se*
#248893
CNYPC
P.O. Box 300
Marcy, New York 13403

HON. ERIC T. SCHNEIDERMAN                     DAVID L. COCHRAN, ESQ.
Attorney General of the State of New York     Assistant Attorney General
Attorney for Served Defendants[1]
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

*Pro se* Plaintiff Leon Smith brought this action, pursuant to 42 U.S.C. § 1983, alleging his

constitutional rights were violated when, while incarcerated at the Central New York Psychiatric

Center (CNYPC), Defendants denied him the right to attend his sister's funeral.  Dkt. No. 1, Compl.

---

[1] Defendants Clark Chona and Kirpal Singh have not been served with process.  *See* Dkt. Nos. 14 & 29.

On September 29, 2010, Defendants filed a Motion for Summary Judgment.  Dkt. No. 46.  Despite

being granted ample opportunity, Plaintiff has not responded to the Motion.  For the reasons that

follow, it is recommended that Defendants' Motion be **granted** and the entire case **dismissed**.

## I.  DISCUSSION

### A.  Standard of Review

Summary judgment shall be granted "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *accord F.D.I.C. v. Giammettei,* 34 F.3d

51, 54 (2d Cir. 1994).  The moving party bears the burden to demonstrate through "pleadings,

depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any,"

that there is no genuine dispute as to material facts.  *F.D.I.C. v. Giammettei*, 34 F.3d at 54 (quoting

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  "[T]he mere existence of *some* alleged factual

dispute between the parties will not defeat an otherwise properly supported motion for summary

judgment[.]" *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525 (2d Cir. 1994) (alteration and

emphasis in original) (citation omitted).  However, it is well settled that on a motion for summary

judgment, the court must construe the evidence in the light most favorable to the non-moving party.

*Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir. 1999).  And, any ambiguities and inferences

drawn from the facts must also be viewed in the light most favorable to the non-moving party.

*LaFond v. Gen. Physics Servs. Corp.*, 50 F.3d 165, 171 (2d Cir. 1995).

Furthermore, in a *pro se* case, the court must view the submissions by a more lenient

standard than that accorded to "formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U .S.

519, 520-21 (1972); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (a court is to read a *pro se* party's "supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest"). Indeed, the Second Circuit has stated that "[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983). This liberal standard, however, does not excuse a *pro se* litigant from following the procedural formalities of summary judgment. *Showers v. Eastmond*, 2001 WL 527484, at *2 (S.D.N.Y. May 16, 2001).

More specifically, this District's Local Rules provide that "[t]he Court shall deem admitted any facts set forth in the [moving party's] Statement of Material Facts that the opposing party does not specifically controvert." N.D.N.Y.L.R. 7.1(a)(3) (emphasis in original). Local Rule 7.1(a)(3) further requires that the non-movant shall file a Statement of Material Facts which mirrors the movant's statement in matching numbered paragraphs and which sets forth a specific reference to the record where the material fact is alleged to arise. *Id*. The courts of the Northern District have adhered to a strict application of Local Rule 7.1(a)(3)'s requirement on summary judgment motions. *Giguere v. Racicot*, 2002 WL 368534, at *2 (N.D.N.Y. Mar. 1, 2002) (citing, *inter alia*, *Bundy Am. Corp. v. K-Z Rental Leasing, Inc.*, 2001 WL 237218, at *1 (N.D.N.Y. Mar. 9, 2001)).

Furthermore, this Circuit adheres to the view that nothing in Rule 56 imposes an obligation on the Court to conduct a search and independent review of the record to find proof of a factual dispute. *Amnesty Am. v. Town of West Hartford*, 288 F.3d 467, 470 (2d Cir. 2002). As long as the local rules impose a requirement that parties provide specific record citations in support of their statement of material facts, the court may grant summary judgment on that basis. *Id*. at 470-71.

**B.  Consequences of Failing to Respond to Defendants' Motion**

Defendants filed their Motion for Summary Judgment on September 29, 2010.  Dkt. No. 46. In accordance with the time-frame set forth in this District's Local Rules, the Plaintiff's response to that Motion was due on or before October 18, 2010.  *See* N.D.N.Y.L.R. 7.1(b).  On or about October 12, 2010, the Court received notice *via* a filing in an unrelated case that Plaintiff's address had changed, effective October 8, 2010.  *See Smith v. Hogan*, Civ. No. 9:09-CV-554 (GTS/GHL), Dkt. No. 45.  Plaintiff did not file a notification of change of address in this case, though the Clerk updated his address anyhow.  Plaintiff also did not submit a response to the Defendants' Motion. On November 24, 2010, Plaintiff filed a Motion for the Appointment of Counsel; that Motion makes no mention of the pending dispositive Motion.  Dkt. No. 47.  Then, on December 9, 2010, this Court issued an Order, *sua sponte*, extending Plaintiff's time to respond to the Motion and further advised Plaintiff of the nature of summary judgment and the consequences that could occur should he opt not to respond.  Dkt. No. 49.  Because Plaintiff's address had changed during the pendency of the Motion, we further directed the Clerk of the Court to re-serve Defendants' Motion on Plaintiff at his updated address.

To date, Plaintiff has not responded to Defendants' Motion.  After reviewing all relevant papers, and in accordance with the standard of review outlined above, the Court finds that there is no real genuine dispute as to the material facts.  Thus, this Court will determine whether, as a matter of law, Defendants are entitled to summary judgment.

## C.  Attendance at a Family Member's Funeral

The elementary, undisputed facts are as follows.  During the relevant time period, Plaintiff was confined at the CNYPC.  Dkt. No. 46-2, David L. Cohran, Esq., Affirm., dated Sept. 29, 2010, Ex. A, Leon Smith Dep., dated June 30, 2010 (docketed at Dkt. No. 46-3), at pp. 6 & 8.  In December 2007, Plaintiff was informed that his sister had passed away; his request to attend the funeral was denied.  *See generally* Smith Dep.  Plaintiff asserts that by preventing him from attending his sister's funeral, the Defendants denied him some unspecified constitutional right.  *See generally* Compl.  Defendants argue that no such right exists.  *See generally* Dkt. No. 46-5, Defs.' Mem. of Law.

Cases analyzing denials of funeral attendance have been analyzed under both the Eighth Amendment and the Fourteenth Amendment.  While Plaintiff fails to specify which Amendment he brought this action under, in light of his *pro se* status, we will review his claim under both.

### 1. Eighth Amendment

The Eighth Amendment prohibits the infliction of cruel and unusual punishment and is applicable to the states through the Due Process Clause of the Fourteenth Amendment.  *Robinson v. California*, 370 U.S. 660, 666-67 (1962) (cited in *Tramell v. Keane, et al.*, 338 F.3d 155, 161 (2d Cir. 2003)).  The conditions of confinement are subject to Eighth Amendment scrutiny.  In order to state a valid conditions of confinement claim under the Eighth Amendment, a plaintiff must allege that (1) the conditions were so serious that they constituted a denial of the "minimal civilized measure of life's necessities," and (2) the prison officials acted with "deliberate indifference."  *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991) (citation omitted) (cited in *Branham v. Meachum*, 77 F.3d 626, 630-31 (2d Cir. 1996)).

In *Phelps v. Kapnolas*, 308 F.3d 180 (2d Cir. 2002), the Second Circuit set out in detail the requirements that a plaintiff must prove in order to make out a claim that the conditions of his confinement violated the Eighth Amendment:

> Under the Eighth Amendment, States must not deprive prisoners of their "basic human needs — *e.g.*, food, clothing, shelter, medical care, and reasonable safety." *Helling*, 509 U.S. at 32 (citation and internal quotation marks omitted). Nor may prison officials expose prisoners to conditions that "pose an unreasonable risk of serious damage to [their] future health." *Id*. at 35. Ultimately, to establish the objective element of an Eighth Amendment claim, a prisoner must prove that the conditions of his confinement violate contemporary standards of decency. *Id*. at 35-36; *Rhodes*, 452 U.S. 337 at 347.
>
> Concerning the "subjective" requirement, the Supreme Court has explained that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

*Phelps v. Kapnolas*, 308 F.3d at 185-86.

"Even if the conditions of confinement were found to be unreasonable as a matter of law, a plaintiff cannot survive summary judgment unless he can point to 'record evidence creating a genuine dispute' as to the facts regarding Defendants' culpable mental state." *Summerville v. Faciuna*, 2009 WL 2426021, at *9 (W.D.N.Y. Aug. 6, 2009) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 282 (2d Cir. 2006)).

Here, the undisputed record reflects that Plaintiff was informed that his request to attend his sister's funeral was denied because he had previously been involved in a fight with another inmate. Smith Dep. at pp. 11-12. He asserts that each Defendant either participated in or oversaw the decision to not let him go to this event. The Court finds that the denial of a right to attend a family member's funeral is not akin to denying him his basic human needs. But, even if we were to find that the denial of attendance by itself was objectively serious, and we do not take that stance,

Plaintiff has not put forth any evidence to show that the Defendants acted with a sufficiently culpable state of mind.  His conclusory statements in his Complaint are insufficient to establish that those involved in the decision-making process "acted out of malice or for some other improper reason with an intent to inflict emotional harm upon the plaintiff by denying his request." *Jackson v. Portuondo*, 2007 WL 607342, at *11 (N.D.N.Y. Feb. 20, 2007) (Peebles, M.J., Rep-Rec., *approved by* Sharpe, J) (citations omitted).  Thus, to the extent Plaintiff's § 1983 claim rests upon the Eighth Amendment, we recommend that Defendants' Motion be **granted**.

### 2. Fourteenth Amendment

To the extent Plaintiff's claim rests upon the Fourteenth Amendment, we note that two clauses are implicated: the Due Process Clause and the Equal Protection Clause.  We consider each *seriatim*.

### a. Due Process

To state a due process claim under § 1983, Plaintiff must first establish that he enjoys a protected liberty interest. *Arce v. Walker*, 139 F.3d 329, 333 (2d Cir. 1998) (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)).  Liberty interests are typically derived from two sources: (1) the Due Process Clause of the Fourteenth Amendment; and (2) state statute or regulations. *Id*.

With regard to liberty interests arising directly under the Due Process Clause, the Supreme Court has "narrowly circumscribed its scope to protect no more than the 'most basic liberty interests in prisoners.'" *Arce v. Walker*, 139 F.3d at 333 (quoting *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)).  The Due Process Clause does not protect against "every change in the conditions of confinement having a substantial adverse impact" on inmates if those changes are "within the

-7-

normal limits or range of custody which the conviction has authorized the state to impose." *Sandin v. Conner*, 515 U.S. 472, 478 (1995).  Instead, the Due Process Clause protects against restraints or conditions of confinement that "exceed[] the sentence in . . . an unexpected manner."  *Id.* at 484 (quoted in *Arce v. Walker*, 139 F.3d at 333).

It is well-settled that the Constitution does not confer upon prisoners a protected liberty interest in attending a family member's funeral.  *See Jackson v. Portuondo*, 2007 WL 607342, at *12 (citing cases); *Roman v. Donelli*, 616 F. Supp. 2d 299, 305 (N.D.N.Y. 2007) (citing cases); *see also Yeldon v. Ekpe*, 159 F. App'x 314, 316 (2d Cir. 2005) (suggesting in dicta that the constitution itself does not provide an inmate with a protected liberty interest in attending a relative's funeral).

Because the Constitution does not give rise to such liberty interest, the Court next looks to see if the state created such interest by statute or regulation.  To assert a state created liberty interest, Plaintiff must establish that his confinement or restraint (1) created an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *Sandin v. Connor*, 515 U.S. at 484, and (2) that the "state has granted its inmates, by regulation or by statute, a protected liberty interest in remaining free from that confinement or restraint," *Frazier v. Coughlin*, 81 F.3d 313, 317 (2d Cir. 1996).

While we are unaware of any particular statute or regulation that would create such liberty interest, Plaintiff's claim nevertheless fails since he does not show how the denial of his request to attend the funeral created an "atypical and significant" hardship.  He may have been deeply saddened and affected by the decision, however, that hardly rises to the level of atypical and significant.  Without meeting this threshold, Plaintiff cannot establish that he had a liberty interest in attending the funeral, thus, we need not analyze the type of process that he was accorded in

rendering the decision to not let him go. As such, we recommend that Defendants' Motion be **granted** on this basis.

### b. Equal Protection

During his deposition, Plaintiff indicated that other inmates have been granted permission to attend funerals in spite of their disciplinary records. *See*, *e.g.,* Smith Dep. at p. 12. In light of his *pro se* status, we liberally interpret this as possibly raising an equal protection claim. To state an equal protection claim, a plaintiff must show that he, as a member of a suspect class, was treated differently from other similarly situated prisoners. *Maher v. Roe,* 432 U.S. 464, 470 (1977); *see also Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995) ("To prove an equal protection violation, claimants must prove purposeful discrimination directed at an identifiable or suspect class.") (quoted in *Verdal v. Frantz*, 2002 WL 31309175, at *3 (N.D.N.Y. July 31, 2002)). While Plaintiff complains that others have been allowed to attend their relative's funeral despite the existence of a disciplinary infraction, he fails to establish that he is a member of a suspect class. Thus, equal protection is not available to Plaintiff and we recommend **granting** Defendants' Motion.

### D. Non-served Defendants

The record reflects that Defendants Clark Chona and Kirpal Singh have never been served in this action. According to paperwork returned to the Marshal's Service, both individuals were hired at CNYPC on a contract basis, and having ended their professional relationship with both individuals, their current whereabouts were unknown to CNYPC. *See* Dkt. Nos. 14 & 29.

Under FED. R. CIV. P. 4(c)(1), the plaintiff is responsible for service of the summons and complaint for each defendant within a specified time period. Specifically, the plaintiff must

effectuate service of process within 120 days of the filing of the complaint.  FED. R. CIV. P. 4(m).[2] Failure to properly serve any defendant in accordance with the Federal Rules will result in the court, upon motion or on its own initiative, to dismiss the case without prejudice as to that defendant.  *Id*. Normally, such dismissal may only take place after notice is provided to the Plaintiff.  However, in light of the fact that this Court has determined that Plaintiff fails to state a cognizable cause of action and Defendants are entitled to judgment as a matter of law, there is no basis to keeping this action open and we recommend *sua sponte* dismissing the two unserved Defendants.

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 46) be **granted**; and it is further

**RECOMMENDED**, that because Plaintiff fails to state a cognizable cause of action, the two unserved Defendants should be **dismissed** and this entire case should be closed; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. §

---

[2] Under the Local Rules for the Northern District of New York, a plaintiff must effectuate service within sixty (60) days.  N.D.N.Y.L.R. 4.1(b).

636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   August 2, 2011
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge