UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LEON SMITH,

                              Plaintiff,

v.                                                             9:09-CV-0639
                                                                (GTS/RFT)

DR. MICHAEL HOGAN, Comm'r OMH;
DR. DONALD SAWYER, Exec. Dir., CNYPC;
DR. TERRI MAXYMILLIAN, Dir., CNYPC;
MR. JEFF NOWICKI, Assist. Dir., CNYPC;
MS. CHARMAINE BILL, RN, Treatment Team Leader;
MS. SHAKUNTHALA MUDIGONDA, Soc. Worker, CNYPC;
MR. CLARK CHONA, Soc. Worker, CNYPC;
MR. ERIC BYERS, Soc. Worker, CNYPC; and
MR. KIRPAL SINGH, Clinical Psychiatrist Assist., CNYPC,

                              Defendants.
_____

APPEARANCES:

LEON SMITH, #248893
  Plaintiff, *Pro Se*
Central New York Psychiatric Center
P.O. Box 300
Marcy, New York 13403

HON. ERIC T. SCHNEIDERMAN                    DAVID L. COCHRAN, ESQ.
Attorney General for the State of New York      Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Leon Smith ("Plaintiff") against the nine above-captioned Defendants, are the following: (1) a motion for summary judgment filed by each of the nine above-captioned Defendants except Defendants

Chona and Singh, who have not yet been served with process (Dkt. No. 46); and (2) United States Magistrate Judge Randolph F. Treece's Report-Recommendation recommending that Defendants' motion be granted, that Plaintiff's claims against Defendants Chona and Singh be *sua sponte* dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and that the entire action be closed (Dkt. No. 50).  For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety; Defendants' motion for summary judgment is granted in its entirety; Plaintiff's claims against the two non-moving Defendants–Chona and Singh–are *sua sponte* dismissed; and Plaintiff's entire Complaint is dismissed.

I.     **RELEVANT BACKGROUND**

Plaintiff filed his Complaint in this action on March 3, 2009.  (Dkt. No. 1.)  On July 29, 2009, he was granted leave to proceed *in forma pauperis*.  (Dkt. No. 5.)

Generally, construed with the utmost of liberality, Plaintiff's Complaint claims that, while he was committed at Central New York Psychiatric Center ("CNYPC") in Marcy, New York, Defendants violated his rights under the Eighth and/or Fourteenth Amendments by wrongfully denying his request to attend his sister's funeral.  (*See generally* Dkt. No. 1.)  Familiarity with the factual allegations supporting these claims in Plaintiff's Complaint is assumed in this Decision and Order, which is intended primarily for the review of the parties.

On September 29, 2010, Defendants filed a motion for summary judgment.  (Dkt. No. 46.)  Generally, in support of their motion, Defendants argues as follows: (1) Plaintiff has failed to allege facts plausibly suggesting, or adduce admissible record evidence establishing, that Defendants have violated his rights under either the Eighth or Fourteenth Amendment, because there is no constitutional right to funeral visits; and (2) even if there is a constitutional right to

funeral visits, Plaintiff has failed to allege facts plausibly suggesting, or adduce admissible record evidence establishing, that Defendants acted with a sufficiently culpable mental state in depriving Plaintiff of that right (i.e., recklessness or intent), because negligence is not actionable under 42 U.S.C. § 1983.  (Dkt. No. 46.)

Plaintiff did not submit a response to Defendants' motion, despite having received (1) an adequate notice of the consequences of failing to do so (*see*, *e.g.*, Dkt. No. 1 [Defs.' Notice of Motion]; Dkt. No. 46, Attach. 1 [District's Form Notice]; Dkt. No. 49, at 1-3, & n.1 [Report-Recommendation repeating notice in detail]),[1] and (2) a three-and-a-half month extension of the deadline by which to submit a response (*see* Dkt. No. 49).

On August 2, 2011, Magistrate Judge Treece issued a Report-Recommendation recommending that Defendants' unopposed motion be granted for reasons similar to those offered by Defendants, that Plaintiff's claims against Defendants Chona and Singh be *sua sponte* dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and that the entire action be closed.  (Dkt. No. 50.)  Familiarity with the grounds of Magistrate Judge Treece's Report-Recommendation is assumed in this Decision and Order, which (again) is intended primarily for the review of the parties.  (*Id.*)

Plaintiff failed to file an Objection to Magistrate Judge Treece's Report-Recommendation, and the time in which to do so has expired.

---

[1] The Court notes that, during the time in question, Plaintiff received a notice (similar to the notice received by Defendants in this action) in another action.  *See Smith v. Hogan*, 09-CV-0554, Defs.' Motion for Summary Judgment (N.D.N.Y. filed Oct. 6, 2010).  The Court notes also that, during the time in question, copies of the Northern District's Local Rules of Practice and *Pro Se* Handbook were on file in the correctional facility at which Plaintiff was incarcerated.

II.     APPLICABLE LEGAL STANDARDS

    A.      Standard of Review

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).[2] When only general objections are made to a magistrate judge's report-recommendation, or where the objecting party merely reiterates the same arguments made in its original papers submitted to the magistrate judge, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[3] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826,

---

    [2]     On *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

    [3]     *See also Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B.   Legal Standard Governing Unopposed Motions for Summary Judgment

Magistrate Judge Treece correctly recited the legal standard governing an unopposed motion for summary judgment. (Dkt. No. 50.) As a result, this standard is incorporated by reference in this Decision and Order.

### III.   ANALYSIS

After carefully reviewing all of the papers in this action, including Magistrate Judge Treece's Report-Recommendation, the Court concludes that Magistrate Judge Treece's Report-Recommendation is correct in all respects. (Dkt. No. 50.) Magistrate Judge Treece employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id*.) As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein.

The Court would add only two points. First, Magistrate Judge Treece's thorough Report-Recommendation would survive even a *de novo* review. Second, the Court's authority to *sua sponte* dismiss, in this action in which Plaintiff is proceeding *in forma pauperis*, Plaintiff's claims against Defendants Chona and Singh for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) derives from 28 U.S.C. § 1915(e)(2)(B).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Treece's Report-Recommendation (Dkt. No. 50) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 46) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's claims against Defendants Chona and Singh are *sua sponte* **DISMISSED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** in its entirety.

Dated: September 26, 2011
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge